IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03-370-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MARSHALL C. RICHMOND, | ) | |
| | ) | |
| Defendant. | ) | |

    Karin J. Immergut
    United States Attorney
    District of Oregon
    Jennifer J. Martin
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, Oregon  97204

        Attorneys for Defendant

    Marshall C. Richmond
    Register Number 67389-065
    United States Penitentiary, Victorville
    P. O. Box 550
    Adelanto, California  92301

        Pro Se Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Before the court is petitioner Marshall Richmond's Motion for Appointment of Licensed Counsel to Assist Pro Se Litigant with his Submission of Title 28 U.S.C. § 2255 Petition to this Court (#208).

## DISCUSSION

Richmond seeks appointment of counsel to assist him with the § 2255 petition he filed pro se on August 30, 2006. In that petition, Richmond contends that he received ineffective assistance of counsel during the jury trial in which he was convicted. He also alleges other errors, such as the government's failure to produce *Brady* material.

The court may appoint counsel for a habeas petitioner if the court determines that the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel is discretionary unless the court conducts an evidentiary hearing on the petition. Abdullah v. Norris, 18 F.3d 571, 573 (9th Cir.), cert. denied, 513 U.S. 857 (1994). If the petitioner has presented claims that are frivolous or clearly without merit, the court should dismiss the case on the merits without appointing counsel. If there is a nonfrivolous claim, the court should determine whether the appointment of counsel would benefit the petitioner and the court to such an extent that the interests of justice require the appointment. Factors considered in making this determination include the legal and factual complexity of the case and the petitioner's ability to investigate and present his claim. Id.

Richmond's claims, which are not frivolous, are not legally complex. Instead, the claims require a knowledge of the facts surrounding his conviction and the alibi defense he believes should have been brought before the jury. Richmond's moving papers show his understanding of the necessary facts and arguments and his eloquence in stating them. Appointed counsel would

not provide a benefit sufficient to make the interests of justice require the appointment. Consequently, I deny his request for counsel.

## CONCLUSION

Richmond's Motion for Appointment of Licensed Counsel to Assist Pro Se Litigant with his Submission of Title 28 U.S.C. § 2255 Petition to this Court (#208) is denied.

IT IS SO ORDERED.

Dated this ___28th___ day of September, 2006.


                 /s/ Garr M. King
                 Garr M. King
                 United States District Judge