IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,      )
                               )      Criminal Case No. 03-370-KI
              Respondent-Plaintiff,    )
                               )      *(Civil No. 06-CV-70000)*
       vs.                     )
                               )      OPINION AND ORDER
MARSHALL C. RICHMOND,          )
                               )
              Petitioner-Defendant.    )

Karin J. Immergut
United States Attorney
District of Oregon
Jennifer J. Martin
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

       Attorneys for Respondent-Plaintiff

Marshall C. Richmond
Register Number 67389 065
United States Penitentiary, Victorville
P. O. Box 5500
Adelanto, Ca  92301

       Pro Se Petitioner- Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Marshall C. Richmond was convicted in a jury trial for one count of distribution of a Mixture or Substance containing Cocaine Base, five counts of Distribution of Five Grams or more of a Mixture or Substance containing Cocaine Base, and one count of Possession with Intent to Distribute Five Grams or more of a Mixture or Substance containing Cocaine Base, all in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c) and 841(b)(a)(B)(iii). Before the court is Richmond's Motion for Release pursuant to 28 U.S.C. § 2255 (#203) and Motion for an Evidentiary Hearing pursuant to 28 U.S.C. § 2255 Motion (#205). For the reasons below, I deny both motions.

## FACTS

Richmond was convicted of personally selling crack cocaine to a cooperating witness, Jerry Garner, on June 13, 2003; June 17, 2003; June 19, 2003; June 20, 2003; and July 1, 2003. The jury also convicted Richmond for a sale of crack cocaine on June 25, 2003. Garner bought the crack cocaine on that day from a different person in a motor home parked on Richmond's property. Garner had made arrangements with Richmond over the telephone earlier that day to purchase the drug from him but Richmond was not home when Garner arrived. The last count of conviction was for the crack cocaine found in Richmond's bedroom when the search warrant was executed on July 8, 2003.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the

Page 2 - OPINION AND ORDER

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Judges may supplement the record with their own recollections of the plea and sentencing hearings and may use common sense. Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.), cert. denied, 493 U.S. 869 (1989).

## DISCUSSION

I.    Ineffective Assistance of Counsel

    A.    Applicable Law

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 688 (1984). The question is whether there is a reasonable probability that, absent the errors, the result of the proceeding would have been different. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir.

1998), cert. denied, 119 S. Ct. 1777 (1999).  A reasonable probability is less than a

preponderance of the evidence and is a probability sufficient to undermine confidence in the

outcome.  Kyles v. Whitley, 514 U.S. 419, 434-35 (1995); Strickland, 466 U.S. at 693, 695.

There is a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance, or what "might be considered sound trial strategy."

Strickland, 466 U.S. at 689.  Reasonableness is judged as of the time of counsel's conduct, not in

hindsight.  Id. at 689-90.  The petitioner must identify the acts or omissions of counsel that are

alleged not to have been the result of reasonable professional judgment.  The court must then

determine whether, in light of all the circumstances, the identified acts or omissions were outside

the wide range of professionally competent assistance.  Id. at 690.

B.    Evidence of Therapy Appointments

Richmond contends that trial counsel failed to subpoena his chiropractor, Dr. Walter

Trapp, and his physical therapist, Frank Lockett, who could have proved that he was in their

office at the time of the drug buys on June 17, June 19, and June 25, 2003.  Richmond argues that

trial counsel never relayed to the jury that he was attending physical therapy on the dates he

supposedly sold drugs.  Richmond also complains that trial counsel provided ineffective

assistance by failing to file a notice of alibi and not mentioning this alibi at trial.

Because of Richmond's ineffective assistance of counsel claim, trial counsel provided an

affidavit explaining some of her choices in Richmond's defense.  Trial counsel contacted

Dr. Trapp, who gave her the dates that Richmond was treated but who was unable to testify if

Richmond was actually treated at the appointment time because he often came earlier or later in

the day.  Trial counsel also noted that the only date on which Dr. Trapp treated Richmond that

coincided with a drug buy was June 25, the date on which the individual in the motor home sold Garner the drugs.  Similarly, Frank Lockett's treatment records show that Richmond was treated on June 17, June 19, and June 25 but Lockett could not testify to the time of the appointments. Lockett also told trial counsel that he did not want to get involved and that he had a 1991 federal conviction for drug trafficking.  There was also an ability for the government to argue bias because Lockett's niece was the mother of one of Richmond's children.

Trial counsel discussed with Richmond the lack of evidence to corroborate an alibi defense.  Instead, trial counsel provided Dr. Trapp's appointment information and Lockett's treatment records in Exhibit 190.  This would allow the jury to come to the conclusion that the appointments were at the time of some of the drug buys.

Counsel's trial strategy is not outside the range of professionally reasonable assistance.  It appears that proffering the witnesses would not have helped Richmond due to the lack of specificity on the time of his appointments.  Counsel's strategy allowed the jury to come to a conclusion that was helpful.  She did not provide ineffective assistance in dealing with these two witnesses and the possible alibi defense.

C.    Melinda Carter's Testimony

Richmond contends that trial counsel failed to investigate his whereabouts during the police investigation.  Richmond notes that he went to Las Vegas with Melinda Carter during that time and thus could not been at the locations as claimed by the police.

Trial counsel interviewed Carter prior to the trial and subpoenaed her as a witness to trial. Carter was not a helpful witness for the defense.  Trial counsel was concerned that Carter would

actually assist the government in proving Richmond's guilt, possibly beyond all doubt.  Thus,

trial counsel did not call Carter as a witness.

Again, this is a legitimate decision.  Moreover, Richmond's evidence of credit card

charges on his trip to Las Vegas shows travel dates from May 5, 2003 through May 12, 2003.

Garner's involvement did not begin until late May 2003.  The first buy was not until June 13,

2003.  Thus, the Las Vegas trip is not relevant to any type of defense that trial counsel could

support.  She did not fail to provide effective assistance of counsel concerning Carter.

D.    Search Warrant

Richmond contends that trial counsel should have challenged Officer Hopper when she

falsely testified in the affidavit supporting the search warrant that she introduced the confidential

informant to the cooperating witness.

I reviewed Hopper's affidavit and see nothing false.  During pretrial motions, it became

clear that Garner was brought in from out-of-town as a cooperating witness due to fear for the

safety of the local confidential informant, whose identity was not disclosed and who did not

testify at trial.  I see nothing on which to base the request for a *Franks* hearing.

E.    Trial Counsel's other Conduct

Richmond contends that trial counsel failed to communicate with him sufficiently prior to

trial, although they met in person twice to prepare for trial and spoke on the telephone at other

times.  This type of general complaint about trial counsel's conduct is without merit unless the

lack of communication leads to more specific failures on her part.

Richmond contends that trial counsel failed to object to statements made by the prosecutor. Because he does not note which comments should have triggered an objection, this claim is without merit.

In general, trial counsel filed all appropriate motions, including a motion to suppress, and made appropriate objections at trial. The evidence against Richmond was strong. Trial counsel's performance did not fall below an objective standard of reasonableness.

II.    Other Evidentiary Claims

If a defendant procedurally defaults a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can demonstrate either cause and actual prejudice, or that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604 (1998) (§ 2255 concerning a federal drug and gun conviction).

In Richmond's appeal, the Ninth Circuit only addresses the hearsay letters from Henry Johnson. Richmond does not try to demonstrate cause and actual prejudice for failing to appeal the issues below. His claim of innocence is based on the medical appointments, which were unhelpful as discussed above. Moreover, the appointments prove nothing about his innocence for some of the drug sales on other dates or for the drugs found in his bedroom. Thus, he has procedurally defaulted all of the issues below, which could have been raised on direct review. I make additional comments on a few of his contentions.

Richmond contends that the government violated Brady by failing to produce telephone records which do not support Officer Hopper's contention that she spoke to him prior to the drug buy. This is procedurally defaulted.

Page 7 - OPINION AND ORDER

Richmond contends that I should not have admitted the audio tapes based on Officer Hopper's identification of his voice.  This is procedurally defaulted.

Richmond claims that he could not have spoken to Officer Hopper prior to this investigation because he was incarcerated from February 10, 2000 to October 11, 2000; November 17, 2000 to January 19, 2001; and March 1, 2001 through September 21, 2001.

Officer Hopper testified that she met Richmond when in uniform patrol, at least three years prior to trial and probably a year before the investigation, which took place in June and July 2003.  Richmond's incarceration dates were well before the general time period during which Officer Hopper places their meeting.  There is no evidence of perjury.  This is also procedurally defaulted.

Based on the testimony of other officers, Richmond contends that Officer Hopper cannot link up the buy money with the money taken from his room during the search.  Richmond claims the other officers either counted seized money but did not match serial numbers, or took pictures of the money, or watched without actual involvement.

At trial, Officer Hopper testified about photographs of the money seized from Richmond's shoes and how some of the currency's serial numbers matched serial numbers from buy money used on three of the buy dates.  It is not relevant that the other officers each performed only their assigned task.  In essence, this is a claim of insufficient evidence on which to base the conviction.  It is procedurally defaulted.

III.    Evidentiary Hearing

The record conclusively shows that Richmond's contentions fail to state a claim for relief. He is not entitled to an evidentiary hearing.

Page 8 - OPINION AND ORDER

**CONCLUSION**

Richmond's Motion for Release pursuant to 28 U.S.C. § 2255 (#203) and Motion for an

Evidentiary Hearing pursuant to 28 U.S.C. § 2255 Motion (#205) are both denied.

IT IS SO ORDERED.

Dated this _____23rd_____ day of January, 2007.


    _____/s/ Garr M. King_____
    Garr M. King
    United States District Judge