IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent/Plaintiff, | ) | Criminal Case No. 03-370-KI |
| | ) | |
| vs. | ) | *Civil Case No. 06-70000-KI* |
| | ) | |
| MARSHAL C. RICHMOND, | ) | OPINION AND ORDER |
| | ) | |
|     Petitioner/Defendant. | ) | |
| _____ | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Jennifer J. Martin
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for United States of America

Page 1 - OPINION AND ORDER

Marshall C. Richmond
Reg. #67389-065
USP Victorville
U.S. Penitentiary
P.O. Box 5500
Adelanto, California 92301

    Pro Se Petitioner/Defendant

KING, Judge:

    Marshall C. Richmond was convicted in a jury trial for one count of distribution of a Mixture or Substance containing Cocaine Base, five counts of Distribution of Five Grams or more of a Mixture or Substance containing Cocaine Base, and one count of Possession with Intent to Distribute Five Grams or more of a Mixture or Substance containing Cocaine Base, all in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c) and 841(b)(a)(B)(iii). Before the court is Richmond's Motion for Relief under Federal Rule of Civil Procedure 60(b). For the reasons below, I deny the motion.

## DISCUSSION

    Richmond moves for a new trial under Federal Rule of Civil Procedure 60(b), "Relief from Judgment or Order," on the grounds of prosecutorial misconduct and exculpatory evidence. There are procedural problems with his motion.

    First, Rule 60(b) applies to civil cases and not criminal cases. <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998). Thus, the basis for the motion is inappropriate.

    Second, if I construe his motion as a 28 U.S.C. § 2255 Motion to Vacate or Correct Sentence, Richmond faces the restrictions on bring successive petitions. Richmond already filed a § 2255 motion, which I denied on the merits on January 24, 2007. I denied Richmond's

Page 2 - OPINION AND ORDER

requests for a Certificate of Appealability on March 27, 2007. On July 2, 2007, the Ninth Circuit Court of Appeals also denied his request for a certificate of appealability. The statute states that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence that establishes the prisoner's innocence or a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255. The procedure is set out in 28 U.S.C. § 2244(b)(3)(A):

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Richmond did not obtain the required certificate of appealability prior to filing this second petition. Consequently, this court does not have jurisdiction to review the merits of his petition.

## CONCLUSION

Richmond's Motion for Relief under Federal Rule of Civil Procedure 60(b) is denied.

IT IS SO ORDERED.

Dated this ___14th___ day of September, 2007.

_____
Garr M. King
United States District Judge