FILED
MAR - 2 2010

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal Case No. 03-370-KI |
| Plaintiff, | *(Referencing Civil Case No. 10-70003-KI)* |
| vs. | OPINION AND ORDER |
| **MARSHALL C. RICHMOND** | |
| Defendant. | |

Dwight C. Holton
United States Attorney
District of Oregon
Jennifer J. Martin
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

    Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Marshall Richmond
FCI Sheridan/Legal Mail
P. O. Box 5000
Sheridan, OR 97378-5000

    Pro Se Defendant

KING, Judge:

A jury convicted defendant of several counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and this court sentenced him. After an unsuccessful appeal, defendant filed on August 30, 2006 a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. I denied his motion and the Ninth Circuit dismissed the appeal after denying defendant's request for a certificate of appealability.

On January 22, 2010, defendant filed a successive motion under § 2255 in which he rehashes the same points concerning an alibi from his physical therapist and various types of prosecutorial misconduct. A petition for a writ of habeas corpus is "'second or successive' if it raises claims that were or could have been adjudicated on the merits in an earlier petition." Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001), cert. denied, 538 U.S. 934 (2003). That is the case here–defendant makes no arguments that were unavailable at the time of his first petition.

Defendant argues that he is entitled to a new motion under § 2255 because he filed a second appeal after this court did not reduce his sentence as much as he requested as a result of the change in the sentencing guidelines for crack cocaine. I do not have to reach that issue because in this § 2255 motion, defendant continues to make arguments concerning his trial and not his sentence reduction.

Page 2 - OPINION AND ORDER

Second or successive motions under § 2255 must clear several hurdles:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

A district court lacks jurisdiction to consider the merits of a second or successive petition if the petitioner did not obtain the required certification from the court of appeals. Id. at 1274; Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 796 (2007).

Defendant has not obtained the certification here. Accordingly, I dismiss the petition for lack of jurisdiction. Because the court lacks jurisdiction to consider defendant's petition on the merits, he has not made a substantial showing of the denial of a constitutional right. I deny a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this _2nd_ day of March, 2010.

/s/ Garr M. King
Garr M. King
United States District Judge

Page 3 - OPINION AND ORDER