FILED
FEB -9 2011

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal Case No. 03-370-KI |
| Plaintiff, | |
| | OPINION AND ORDER |
| vs. | |
| **MARSHALL CHARLES RICHMOND,** | |
| Defendant. | |

Dwight C. Holton
United States Attorney
District of Oregon
Jennifer J. Martin
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2024

    Attorneys for Plaintiff

Marshall Richmond
BOP Reg. #67389-065
Federal Correctional Institution
P. O. Box 5000
Sheridan, Oregon 9738-5000

    Pro Se Defendant

KING, Judge:

On May 5, 2005, after a jury found defendant Marshall C. Richmond guilty on seven counts of distributing, or possessing with the intent to distribute, 89.9 grams of cocaine base, I sentenced defendant to 180 months in prison. In 2007, the United States Sentencing Commission retroactively amended the drug quantity table to lower the base offense levels for offenses involving cocaine base. On defendant's request, I reduced his sentence to 168 months. Defendant now seeks a further reduction under the Fair Sentencing Act of 2010 ("FSA").

## DISCUSSION

Defendant argues that the new advisory guideline range for his convictions is 46 to 57 months. Since he has served more than the top of the guideline range, Richmond asks me to reduce his sentence to time served and release him from prison.

For crimes committed on or after August 3, 2010, the FSA increased the quantity required to trigger the 5-year mandatory minimum from 5 grams to 28 grams of cocaine base and increased the quantity required to trigger the 10-year mandatory minimum from 50 grams to 280 grams of cocaine base.

Although the Ninth Circuit has yet to rule on the issue, several other Courts of Appeals have held that the FSA does not apply retroactively and cannot be used to reduce sentences

previously imposed. See United States v. Diaz, 627 F.3d 930, 931 (2nd Cir. 2010); United States v. Carradine, 621 F.3d 575, 579-81 (6th Cir.2010); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010); United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010); United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir.2010). Thus, the FSA does not provide a basis to reduce defendant's sentence.

## CONCLUSION

Defendant's Intervening Change of Law Pursuant to 2241 and 3582(c)(2) (#306) is denied. Defendant's Motion for Reconsideration for Release (#319) and Defendant's Motion for Judicial Notice (#322) are moot.

IT IS SO ORDERED.

Dated this 8th day of February, 2011.

_____
Garr M. King
United States District Judge